UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| RICHARD PENNY, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:16-cv-00227-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting ) | **&** |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Richard Penny seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied Penny's claim for supplemental security income benefits. Mr. Penny brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will DENY Mr. Penny's Motion for Summary Judgment [R. 10] and will GRANT the Commissioner's Motion for Summary Judgment [R. 12.]

**I**

Plaintiff Richard Penny filed an application for Title XVI supplemental security income (SSI) on July 16, 2013, alleging disability beginning July 1, 2010. [Transcript (hereinafter, "Tr.") 162.] Penny later amended his disability onset date to September 31, 2013. [Tr. 51.] Penny's claims were initially denied by an Administrative Law Judge and then denied again upon reconsideration. [*See* Tr. 14.] After requesting a hearing, Penny appeared and testified at a video hearing on September 9, 2015 in front of ALJ George M. Bock. [*Id.*] Vocational expert Jennifer Ruhnke also testified. [*Id.*] The ALJ issued a final decision ultimately denying Penny's

claims for benefits. [*See id.*]

Richard Penny was born on October 1, 1969. [R. 10 at 2.] He completed the ninth grade, and, while in school, Penny attend special education classes. [Tr. 187.] He lives alone in Harlan County, Kentucky, and has not worked since 2010. [R. 10 at 4; Tr. 187.] His employment history consists of sporadic manual labor, including working at a poultry factory in 1986 and for a construction company in 2010. [Tr. 187.]

Mr. Penny alleges disability based on his limited education and pain in his left knee, back, and right shoulder. [R. 10 at 3.] Mr. Penny's amended disability onset date is the result of a car accident that occurred in September 2013. [*See id.*] Through the course of Penny's application for benefits, three different doctors examined him for physical impairments related to his pain. [*See* Tr. 272-76, 317-25, 327-28.] Generally, the physicians agreed that Penny suffered strains and sprains of his neck, back, and knee. [*See id.*] In February 2014, Penny was diagnosed with tears to his left anterior cruciate ligament and medial meniscus, for which he underwent arthroscopic surgery. [Tr. 331-36.] Following surgery, Penny was referred to physical therapy, which he attended only once. [*See* Tr. 353-57.]

Related to Penny's mental impairments, physicians noted no significant signs of deficiencies. [*See* Tr. 273, 318, 322, 325, 347, 351.] In October 2013, Penny underwent a psychological evaluation. [*See* Tr. 304-10.] From that evaluation, the doctor diagnosed Penny with anxiety disorder, and determined Penny had moderate impairment "to understand, retain, and follow simple instructions," "to maintain social interactions with supervisors, friends, and the public," and "to adapt and respond to the pressures of day-to-day work activity." [Tr. 309-10.]

In evaluating a claim of disability, the ALJ conducts a five-step analysis. *See* 20 C.F.R. §

416.920. First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 416.920(a)(4)(i). Second, if a claimant does not have any impairment or combination of impairments which is severe and meets certain durational requirements, he is not "disabled" as defined by the regulations. 20 C.F.R. §416.920(a)(4)(ii). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." 20 C.F.R. § 416.920(a)(4)(iii). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity ("RFC"), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 416.920(a)(4); 20 C.F.R. §416.945. Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20. C.F.R. § 416.920(a)(4)(iv). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, the he is "disabled." 20 C.F.R. § 416.920(a)(4)(v).

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

In this case, at step one, the ALJ determined that Mr. Penny has not engaged in

substantial gainful activity since the September 30, 2013, amended alleged onset date. [Tr. 17.] At step two, the ALJ found Penny to have the following "severe" impairments: mild cervical degenerative joint disease; status post ACL tear of the left knee with surgical repair; borderline intellectual functioning; and anxiety. [*Id.*] At step three, the ALJ found Penny's combination of impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1. [Tr. 18.] Before moving to step four, the ALJ considered the record and determined that Penny possessed the following residual functioning capacity:

> [T]he claimant has the residual functioning capacity to perform medium work as defined in 20 CFR 416.967(c) but with the following nonexertional limitations: no kneeling, crawling, or climbing of ladders, ramps, or scaffolds and no crouching. He is limited to repetitive work which is imple (sic), routine, and unskilled. Such work activity also must not involve any complex instructions or detailed tasks. Further, he cannot have interaction with the general public.

[Tr. 19-20.] After explaining Penny's RFC, the ALJ found at step four that, based on this RFC, his age, education, and work experience, there are a "significant number[]" of jobs in the national economy that Penny can perform. [Tr. 25.] Accordingly, the ALJ found at step five that Mr. Penny has not been under a disability since his amended alleged onset date pursuant to 20 C.F.R. § 416.920(g).

Following the unfavorable decision, Mr. Penny timely appealed to the Appeals Council. However, the Appeals Council denied review on August 29, 2016, and Penny now seeks judicial review in this Court.

## II

The Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a

4

reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation and internal quotations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The basis of Mr. Penny's arguments for relief is that the ALJ's decision is not based on substantial evidence. [R. 10 at 5.] Penny argues that he provided enough complete and detailed evidence to allow the Commissioner to ascertain a "severe impairment" existed. [R. 10 at 6.] He maintains that "[t]here is sufficient evidence of record to show a combination of impairments that meets or medically equals one of the listed impairments." [*Id.*] Penny asserts that ample evidence exists to prove he "has ongoing medical conditions that make him a good candidate for disability benefits," and that "it is very clear that [he] does not have the ability to perform work in the national economy." [*Id.*] Mr. Penny maintains he has shown through objective medical

evidence that he suffers from a condition that is reasonably expected to cause, and does cause, him pain and other symptoms of disabling severity. [R. 10 at 7.]

Mr. Penny essentially argues the collective result of his impairments has a combined effect of disability that precludes him from working in the national economy. "In reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992) (citing 20 C.F.R. § 404.1523). Penny has pointed to no evidence in the record suggesting that the ALJ did not consider his impairments both separately and in combination in making his disability determination. Indeed, the Court agrees with the Defendant that Penny likely waived this argument due to undeveloped arguments with no specific supporting evidence from the record. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quotation marks and citations omitted).

The Court notes that the ALJ acknowledged his duty to determine whether Penny has a medically determinable impairment that is "severe" or a *combination of impairments* that is "severe" within the meaning of the Regulations. [Tr. 17-18.] Without any supporting argument, Penny provides a conclusory argument that his disability is equal to the severity of the disabilities enumerated in the regulatory list at Sections 1.05, 12.02, 12.04, and 12.06. [R. 10 at 7.] However, the ALJ found substantial evidence to specifically determine Penny's disability not equal to the disabilities identified in Sections 12.02 and 12.06. [Tr. 18.] The disabilities listed at

6

Section 1.05 specifically identify amputations as a disability. 20 C.F.R. Part 404, Subpart P, App'x 1 § 1.05. Penny identifies no medical record that provides any evidence he has an amputation. The disabilities listed at Section 12.04 specifically identifies depressive, bipolar, and related disorders. 20 C.F.R. Part 404, Subpart P, App'x 1 § 12.04. Again, Penny does not point to any specific medical records that would satisfy the regulatory finding of a disability covered by this section. The ALJ ultimately determined that Penny "does not have an impairment or combination of impairments that meets" the requirements of a listing. [Tr. 18.] The ALJ's decision itself demonstrates a full consideration of Penny's impairments. Accordingly, the Court has no basis to find the ALJ's decision is lacking in substantial evidence for failure to consider the combined or cumulative effect of Penny's impairments.

### III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding Penny not disabled is supported by substantial evidence. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

**ACCORDINGLY**, and the Court being sufficiently advised, it is hereby ordered as follows:

1. Plaintiff Richard Penny's Motion for Summary Judgment [**R. 10**] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [**R. 12**] is **GRANTED**; and

3. Judgment in favor of the Defendant shall be entered contemporaneously herewith.

This the 20th day of December, 2017.

Gregory F. Van Tatenhove
United States District Judge